No. 198

BLACHMAN v. MISSMAN, et
No. 18928. Supreme Court.
On motion to direct Cuyahoga Appeals to certify. Dock Jan. 29, 1925, 3 Abs. 66.
147. BILLS AND NOTES—Liability of accommodation maker, as endorser or maker—Nature of primary liability—affect of attachment against debtor of maker.

This cause was instituted in the Municipal Court of Cleveland against David Missman and Clara Shapiro. The Plaintiff had recovered judgment against one Newman, and had secured an attachment to issue against David Missman and Clara Shapiro on a note which was owing by them to said Newman. At the time of said attachment, nothing had been paid on said note, but subsequently David Missman paid it to Newman. Clara Shapiro was an accommodation maker. The lower Court gave the plaintiff judgment against David Missman, and released Clara Shapiro. The Court of Appeals affirmed the judgment of the trial Court holding:

That Clara Shapiro was not primarily liable on the note; that she did not pay any part of it;

## STATE SUPREME COURT—Continued

that by signing the note, she was liable only in case the maker did not pay; that she had no property in her possession belonging to Newman at time of service of notice of garnishment; and that a garnishee, under the Statute, is liable only when he has in his possession or under his control, property or credits belonging to the principal debtor.

The questions presented to the Supreme Court by Blachman, are:

First: Under Sec. 10276 GC. did there not "appear to be owing" by the said Clara Shapiro, the face amount of said note so as to charge her primarily, whether an endorser or a maker?

Second: Did the knowledge of the plaintiff that Clara Shapiro was an accommodation party, affect her liability? See GC. Sec 8134.

Third: Does not Richards v. Bank Co. 81 OS. 348, declare the liability of a surety or maker, as primary?

Fourth: Is not the plaintiff, by virtue of the attachment, a holder for value of said note?

Attorneys—H. A. Blachman, for Blachman; A. E. Emerman, for Missman, both of Cleveland.